## A. B. HALL v. THE HOUSTON AND TEXAS CENTRAL RAILWAY COMPANY.

1. On application to enjoin the collection of the one per cent. school tax in Harris county, under act of August 13, 1870, *held*, immaterial that the county was not subdivided into school districts ; nor was it necessary to designate the property in the levy upon which the taxes should be collected ; or that the treasurer of the board of school directors had ever given bond.

2. Where a special tax is levied, no special assessment of the taxable property on which it is to be collected is required. to be made.

3. Kinney v. Zimpelman approved.

APPEAL from Harris. Tried below before the Hon. James Masterson.

This is an appeal from a decree perpetually enjoining appellant from collecting an alleged assessment of school tax on personal property, at the rate of ninety-five cents on the hundred dollars.

The petition for injunction and amended petition present the following grounds : That appellee is a corporation, acting as a carrier of passengers and freights and the public mails over a line of roads, three hundred miles in length, from Houston toward Red River, with a branch road to the seat of government ; and that as a part of the machinery of its railways, its locomotives, cars, rolling stock, and all its personal property of every kind is necessary and essential to the proper and safe performance of its functions, as required by the laws of the State ; that it is possessed of landed property in Harris county, and also in other counties, amply sufficient in value to pay all its lawful taxes, without interference with the personal property necessary for the operation of the railways ; that appellant, acting under color of his office as sheriff and tax collector of Harris county, is wrongfully claiming to

collect of appellee, and from many other citizens and tax-
payers of Harris county, a large special and pretended
tax, called the school tax, at the rate of ninety-five cents
on the one hundred dollars in value of all property; and
that he is about to levy on the rolling stock or other per-
sonal property necessary for the operation of the road,
without any warrant whatever for the collection thereof,
other than the order of the Board of Education before reci-
ted; that said pretended school tax is illegal and wrongful;
first, because claimed to have been levied under the fifth
section of an act of the Legislature, entitled "An act to
organize and maintain a system of public schools in the
State of Texas," which purports to have been approved
by the Governor on the 24th of April, A. D. 1871, while
in fact said act had become a law by lapse of time from
its presentation to the Governor, more than five days be-
fore the 22d of April, 1871, and was repealed by an act
of that date approved by the Governor, entitled "An act
to give effect to the several provisions of the Constitution
concerning taxes," by the 8th Section of which a tax of
only one-eighth of one per cent. was levied and author-
ized to be assessed for the identical same school purposes
as the former act; that if the former act had not been so
repealed, yet that no such tax as that claimed had been
levied, because said fifth section delegated power to a
pretended board of school directors for Harris county to
exercise that power which could only be constitutionally
exercised by the Legislature itself; and further, that no
levy of such tax had been made by any legally organized
board of school directors under said act, because the pro-
visions of that act for organizing school boards had not
been complied with; that the law required that supervis-
ors of education for each judicial district should subdi-
vide their respective counties into school districts, conve-
nient for the people, and appoint boards of directors for

each subdivision or district so established; and that the directors so appointed for each district should have power to levy a tax not exceeding one per cent., which should be assessed on property in their respective districts for school houses and schools; but that instead of subdividing Harris county into districts, as required, the supervisor had declared the whole of the county, including the city of Houston, one entire school district, and had appointed a board of directors for the whole county, contrary to the law.

That said board, in July, 1871, had proceeded to act, and exercise the power, and did resolve and decide that a tax of forty-five cents on the hundred dollars of property was sufficient; but afterwards, acting under instructions from the Board of Education of the State, or the Superintendent of Education, had increased the rate to ninety-five cents, without other evidence of necessity therefor, and had made it payable in four quarterly installments—two in 1871 and two in 1872—thereby evading the purpose of the law and making two taxes for several years, instead of one for the year 1871, as authorized by the law; and that all this was done for unlawful purposes by a combination and conspiracy between said Board of Education and the pretended board of school directors. Furthermore, that no actual assessment of the tax had ever been made by the assessing officer of the county, nor placed as a tax on any assessment roll; nor had any such assessment roll been returned to the Comptroller, nor made by his instructions; nor had any assessment roll of such tax been delivered or charged to the sheriff, nor any other lawful warrant delivered to him to collect such a tax; but that he was proceeding to collect the same solely by virtue of the order of the Board of Education, and the general assessment roll for the State, which the facts show had not been

completed and made out until long after the pretended levy of this tax in July, 1871, and long after the time in which it was required by law to have been made ; and that he had never given any bond to secure and account for this tax, and was wholly unable to respond in damages for the amount of the tax which he might so collect from appellee and other citizens of the county, because he is not possessed of sufficient property in value liable for such damages, or for the return of the taxes he might collect ; and that the levy and collection of said unauthorized and illegal tax upon the personal property of appellee would cause it irreparable damage, by interfering with its railway operations, and to all other taxpayers interested.

These were substantially the facts alleged, to which appellant demurred. The demurrer having been overruled, the trial was had on the answer. The evidence established the main facts, and the verdict of the jury was accordingly found for appellee.

*S. G. Newton*, for appellant.

*Gray, Botts & Baker*, for appellee, filed an elaborate and exhaustive argument. Its length prevents insertion.

WALKER, J.—The tax which is herein sought to be enjoined was levied by a resolution of the board of school directors, to be applied to the establishment and maintenance of the public schools.

Under the erroneous instructions of the court the jury rendered their verdict for the plaintiff, and the judge perpetuated the injunction.

So far as any necessity has arisen for the discussion of the principles on which this case appears to have been decided by the District Court, we have discussed and settled them in Kinney v. Zimpelman.

His honor the district judge appears to have considered that because Harris county was not divided into two or more school districts, therefore the board had no authority to levy the tax; also that a special assessment of the property on which the tax was levied was necessary before the levy could be legally made; and that the law was inoperative for the reason that it did not designate the particular property on which the tax was to be assessed.

The court also appears to have had in mind a question as to whether the treasurer of the board and the sheriff had given bonds to secure the money when collected. How this question could invalidate the law, if answered in the negative, we are unable to determine. It was, however, submitted to the jury and found in the negative.

We do not think the Constitution or the law requires the county of Harris to be divided into two or more school districts before the levy could be made and the tax collected.

The second clause of Section 3, Article 9, of the Constitution, reads thus: "The Legislature may lay off the State into *convenient* school districts, and provide for the formation of a board of school directors in each district."

The 3d Section of the act of August 13, 1870, provides that each organized county in this State shall be a school district.

The county courts were *ex officio* the school directors of their respective counties, and had full power to divide their counties into as many districts as the public convenience requires.

The act of April 24, 1871, somewhat changed the act of August 13, 1870. It provided for the appointment of supervisors of education, and empowered them to subdivide the counties into school districts, and appoint directors for each district; and it was under this law that the

board of directors was organized which levied the tax herein sought to be enjoined.

Under this legislation, it does not become material for us to inquire whether the counties were subdivided into districts or not; and the error of the court in instructing the jury that the county must have been divided into sub-districts is apparent.

And now let us see what force there is in the objection to this tax for the want of an especial assessment.

The act of August 13, 1870, provides for an *ad valorem* tax on the taxable property of the county not to exceed one per cent.; and it is further provided, in Section 10 of the same act, that the tax shall be assessed and collected as other county taxes. And now, if we go to Section 4 of the general tax law of April 22, 1871, we find that other *ad valorem* taxes for county purposes are levied and collected on the assessments made for the collection of State taxes.

This leaves no doubt as to the manner in which this tax was to be assessed and collected. This same question has been repeatedly decided by the courts of half the States in the Union.

Indeed, it may be said to be almost a rule without exception, that where a special tax is to be raised, no special assessment of the taxable property on which the tax is to be collected is required to be made.

The law in this instance defines the amount beyond which the levy cannot go. It fixes the amount to be paid, and the property, trade, or profession which is to pay it.

And the constitutional requirement of uniformity in taxation is regarded; and there could be no other way better devised for carrying out this object than that which has been adopted.

The property to be taxed and its value being ascertained by State authority, and when the State has fixed

these conditions by a general tax law, it would be a very unwise policy to adopt another.

This, then, brings us to declare that that portion of the charge of the district judge is erroneous wherein it directs the jury that the law was inoperative because not designating the property to be taxed.

The question raised as to the bond of the treasurer is answered by the treasurer himself, who testifies that he had qualified according to law; and if he had not, the objection would not be tenable.

The omission of an officer, charged with the collection of a tax, to qualify according to law, would by no means invalidate the tax; and if the law does not require such a bond, the utmost that could be said against it would be that the law had omitted a wise ·precaution against losses through a public officer.

Section 28, of Article 12, of the Constitution, provides that justices of the peace shall assess the property in their respective precincts under such laws as the Legislature shall provide, and the sheriffs of the several counties are to collect the taxes so assessed.

The sheriff, then, Hall, who appeals this case, is the only person properly authorized to collect this tax, and there is no ground in the world for supposing that he had not qualified as the sheriff of Harris county at the time he sought to collect this tax. It is nowhere contended in this record that the amount sought to be collected is greater than the amount assessed.

These views of this case and all others involving similar questions only are in accordance with our opinion in Kinney v. Zimpelman.

We therefore reverse the judgment of the District Court and dismiss the case, awarding the writ of *procedendo* to the appellant.

REVERSED AND DISMISSED.